## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

**U.S. EQUAL EMPLOYMENT**                                    CIVIL ACTION NO.
**OPPORTUNITY COMMISSION,**

**Plaintiff**

        **v.**

**IESI LA CORPORATION D/B/A IESI SOLID**
**WASTE SERVICES,**

**Defendant**

### COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States

Equal Employment Opportunity Commission, and files its Complaint and Jury Demand.

Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I

of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of

disability and to provide appropriate relief to Ronald Harper ("Mr. Harper"), who was adversely

affected by such practices.  This suit is also brought to effectuate appropriate injunctive relief to

others who may have been adversely affected by Defendant's discriminatory practices, and to

prevent further occurrence of such practices.

- 1 -

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The unlawful employment practices alleged herein were committed within the judicial district of this Court.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant, IESI LA Corporation d/b/a IESI Solid Waste Services ("Defendant" or "IESI"), has continuously been a corporation organized under the laws of the

- 2 -

State of Delaware, doing business within the State of Louisiana, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.

At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**STATEMENT OF CLAIMS**

7.

At least since August 12 of 2005, Defendant has engaged in conduct in Shreveport, Louisiana which violates the ADA.

8.

More than thirty (30) days prior to the institution of this lawsuit, Mr. Harper filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

9.

Mr. Harper has at all relevant times been a qualified individual with a disability within the meaning of the ADA.

10.

Mr. Harper has dyslexia, a disability within the meaning of the ADA.

11.

Mr. Harper began working for Defendant as a truck driver in July of 2005.   The Defendant terminated Mr. Harper from his position of truck driver on or about August 12, 2005 shortly after Mr. Harper told his new supervisor that he had dyslexia.

12.

At all relevant times Mr. Harper was capable of performing the essential functions of his truck driving position, with or without a reasonable accommodation.  Charging Party was legally entitled under the ADA to reasonable accommodation by Defendant, if any were needed.

13.

Defendant terminated Mr. Harper's employment because of his disability within the meaning of the ADA.   Defendant's purported justification for the termination was that Mr. Harper was not qualified for the job because he could not do "paperwork" and was a danger while driving.

14.

At the time of his termination, Mr. Harper was qualified to perform his truck driving position, had not had any accidents or otherwise been assessed by a physician to be a safety risk while driving for the Defendant, and was able to perform all essential functions of his position, without accommodation.  Had any accommodations been needed, they could have been made without any undue hardship to Defendant.

- 4 -

15.

Defendant violated the ADA by terminating Mr. Harper on or about August 12, 2005, and by failing to reasonably accommodate Mr. Harper rather than discharging him.

16.

The practices complained of herein have deprived Mr. Harper of equal employment opportunities by denying him a job because of his disability.

17.

The unlawful employment practices complained of herein were, and continue to be, committed with malice or with reckless indifference to Mr. Harper's federally protected rights.

18.

The unlawful practices of Defendant complained of herein have violated the rights of affected persons protected under the ADA.

19.

The unlawful employment practices complained of herein were intentional.

20.

The unlawful employment practices complained of herein have caused Mr. Harper to suffer economic injuries, including but not limited to lost wages, as well as nonpecuniary injuries.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to

- 5 -

accommodate and from illegally terminating individuals who are "disabled" within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Mr. Harper by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant to reinstate Mr. Harper or to make him whole by providing him with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E.    Order Defendant to make whole Mr. Harper by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.    Order Defendant to make whole Mr. Harper by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

G.      Order Defendant to pay Mr. Harper punitive damages for its malicious and

reckless conduct, as described hereinabove, in amounts to be determined at trial.

H.      Grant such further legal or equitable relief as the Court deems necessary and

proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the

Commission hereby requests a jury on all issues raised in the instant Complaint which may be

tried by jury.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity
Commission
Houston District Office
Mickey Leeland Federal Building
1919 Smith Street
Houston, Texas 77002-8049
Direct Line: (713) 209-3398

/s/  N. Eleanor Graham
**N. ELEANOR GRAHAM (T.A.)**
Senior Trial Attorney
La. Bar. Roll No. 16946
**GREGORY T. JUGE**
Senior Trial Attorney
La. Bar Roll No. 20890
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street
Suite 1900
New Orleans, LA  70112
Tel:    (504) 595-2870 (Main Legal #)
         (504) 595-2875 (Graham)
         (504) 595-2877 (Juge)
Fax:    (504) 595-2886
**COUNSEL FOR PLAINTIFF,**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

REGISTERED AGENT FOR
SERVICE OF PROCESS:

CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA  70808