UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


US EQUAL EMPLOYMENT                    CIVIL ACTION NO. 09-cv-0980
OPPORTUNITY COMMISSION

VERSUS                                 JUDGE HICKS

IESI LOUISIANA CORP.                   MAGISTRATE JUDGE HORNSBY


**MEMORANDUM ORDER**

Before the court are two Motions to Compel Discovery (Docs. 18 and 19) filed by the

EEOC.

**First Motion to Compel – Doc. 18**

The primary issue in this discovery dispute is the number of employees of Defendant

IESA Louisiana Corporation and a non-party, IESA Corporation, for the purpose of

determining the applicable statutory cap on compensatory and punitive damages under

1981a.  The EEOC contends that the two entities are so interrelated as to constitute a single

employer under the ADA and Section 1981a.  More specifically, the EEOC argues that IESI

Corporation was Mr. Harper's employer, and that IESI Louisiana is merely a division of IESI

Corporation.  According to the EEOC, IESI Corporation has more than 500 employees and,

therefore, the $300,000 statutory cap under Section 1981a should apply.  Defendant argues

that Mr. Harper's employer was IESI Louisiana Corporation, and that IESI Louisiana has

fewer than 200 employees, such that the applicable statutory cap is $100,000.  Defendant

argues that the two entities are legally and factually distinct.  According to Defendant, the

personnel records or documents that refer to Mr. Harper as an employee of IESI Corporation are "inapposite."  Doc. 21, p. 4, fn. 4.

Also at issue in this discovery dispute are a few questions regarding the financial condition of IESI Corporation and IESI Louisiana.  The EEOC contends that those discovery requests are relevant to a jury's decision concerning how large an award of punitive damages would dissuade the employer from repeating its unlawful behavior.

After considering the arguments of the parties, as well as consulting the relevant jurisprudence, including Trevino v. Celanese Corp., 701 F.2d 397 (5th Cir. 1983) and Vance v. Union Planters Corp., 279 F.3d 295 (5th Cir. 2002), the court finds that the EEOC's discovery requests are largely appropriate.  The merits of the employer question is not yet before the court, but it is a relevant issue, and the EEOC is entitled to discover the facts regarding the relatedness and/or distinctness of the two entities.  Accordingly, the EEOC's first Motion to Compel is **granted in part** and **denied in part** as follows.

Interrogatory No. 21: **Granted.**   The request bears directly on the common management of the two corporations, which is one of the recognized factors under Trevino.

Interrogatory No. 22: **Granted** as to the years 2004 and 2005.  **Denied** as to the year 2006.  The number of employees for 2006 is completely irrelevant.

Interrogatory No. 23: **Granted** as to the years 2004 and 2005.  **Denied** as to the year 2006.

Request for Production No. 30: **Granted** as to the years 2005, 2006, and 2007 only. The EEOC has not justified its request for balance sheet information for the additional years. Defendant may ultimately be correct in its contentions regarding which entity employed Mr. Harper, but we are not yet at that point.  Under the somewhat unique circumstances of this case, the EEOC is entitled to pursue further discovery on these issues.

Request for Admission No. 144: **Moot**.

Request for Admission No. 177: **Denied.**  Whether Ms. Thummel was an employee in April 2006 (some eight months after the alleged discrimination) is irrelevant.

Request for Admission No. 178: **Denied**.  The date set forth in the request, April 25, 2006, is after the alleged act of discrimination, so the information sought is irrelevant.

Request for Admission No. 202:  **Granted**.  The location of the headquarters of the two entities is relevant to the issue of commonality of management.

Request for Admission No. 225:  **Denied**.  The date reflected in the request is irrelevant.

Request for Admission No. 243:  **Granted**.  The information is relevant to the issues of centralized control over labor and employment operations.

Request for Admission No. 244:  **Granted**.  This information is also relevant to the issue of centralized control.

Request for Admission No. 245:  **Moot**.

**EEOC's Second Motion to Compel Discovery – Doc. 19**

The second Motion to Compel is **granted in part** and **denied in part** as follows:

Interrogatory No. 20: **Denied**.  The EEOC has already deposed Hayes, and the EEOC is entitled to explore this issue further in additional depositions.  However, Defendant's written response is sufficient.

Request for Admission No. 31: **Denied**.  Defendant is not obligated to provide further clarification or explanation as to the basis for its denial, absent an additional discovery request.

Request for Admission No. 33:  After the Motion to Compel was filed, Defendant supplemented its answer to this request.  Defendant contends that this issue is moot, but the EEOC asks the court to overrule Defendant's objection, which Defendant maintains in its supplemental answer. Defendant's objection is overruled.  The concept of "training" is not, in the context of this case, too vague.

Request for Admission No. 115: **Denied**.  Defendant's answer is sufficient.  The EEOC may explore the matter further in depositions or other discovery.

**Deadline for Supplemental Responses**

Defendant's supplemental responses regarding the requests granted above are due by June 18, 2010, unless otherwise agreed by the parties.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of June, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE